## PASSENGERS AND INTENDING PASSENGERS DISTINGUISHED.

Court of Appeals for Stark County.

JANE SINNOCK, ADMINISTRATRIX, v. THE PENNSYLVANIA
COMPANY.

Decided, 1916.

*Charge of Court—As to the Degree of Care Due an Intending Passenger
by a Carrier.*

Whether an intending passenger, who is in and about the depot await-
ing the arrival of the train he desires to take, is a passenger and
therefore entitled to the highest degree of care, is a question
which should be submitted to the jury under proper instructions;
and to charge the jury that one injured under such circumstances
was a passenger at the time of his injury constitutes prejudicial
error.

FERNEDING, J. (sitting in place of Shields, J.).

A careful examination of the errors complained of in this
case leads to the conclusion that the trial court in its charge to
the jury omitted to distinguish between the degree of care a
railroad company owes to an intending passenger in and about
its station awaiting the arrival of a train, and a passenger
actually aboard one of the railroad company's cars.

An intending passenger has to a greater or less extent control
over his movements and can therefore exercise corresponding
precautions to protect himself from danger. To this end, it
becomes the duty of the common carrier to provide such station
accommodations as are reasonably safe for persons exercising
ordinary care.

When a passenger is actually aboard a train, he has substan-
tially no control over his movements; he has, in effect, wholly
surrendered himself to the care and control of the carrier, and
the carrier must therefore exercise the highest degree of care
to protect him (21 C. C., 288). This court followed this rule
in the former hearing of this case.

The trial court in the present hearing charged the jury as follows:

"If you should find from the evidence in this case that John Sinnock went to the station that morning for the purpose of taking train 26 to Youngstown, and was upon the depot platform and went there for that purpose, *he was a passenger*, and if he was a passenger he was entitled to that degree of care which the law imposes upon a railway company which is the common carrier of passengers, and that degree of care, gentlemen, is the highest degree of care." *  *  *

We are unable to escape the conclusion that such instruction was of such character as to prejudice the rights of the railroad company in imposing upon it a higher degree of care than was required.

As a matter of fact, the evidence tends to prove Sinnock was not a passenger upon any train. It is admitted he intended to board a train as a passenger, but whether he was or was not a passenger, we think was a question to be submitted to the jury under proper instructions. The court in effect announced in his charge to the jury that he was a passenger, and therefore entitled to the highest degree of care, and this, we think, was error.

The judgment of the court of common pleas will therefore be reversed, and the cause remanded for a new trial.

POWELL, J., concurs; HOUCK, J., dissents.